IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| PRISCILLA ELLIS, § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | Civil Action No. 4:19-CV-1026-O |
| § | |
| UNITED STATES OF AMERICA, et al. § | |
| § | |
| Defendants. § | |

**OPINION AND ORDER OF DISMISSAL
UNDER 28 U.S.C. § 1915A(b)**

This case is before the Court for review of pro-se inmate/Plaintiff Priscilla Ellis's ("Ellis") claims to determine if they are frivolous, malicious, or fail to state a claim upon which relief may be granted under the screening provision of 28 U.S.C. § 1915A(b)(1).[1] Having reviewed and screened the claims in the amended complaint, along with Ellis's lawsuit history, the Court concludes that Ellis's claims in this case must be dismissed under authority of this provision.

**I.    BACKGROUND**

In October 2017, in case number 8:15-cr-320-T-23TGW, Ellis was sentenced to a term of imprisonment of 480 months in the United States District Court for the Middle District of Florida after being found guilty of the following offenses: conspiracy to commit mail and wire fraud (18 U.S.C. § § 1341, 1343, 1349); and conspiracy to commit money laundering (18 U.S.C. §§ 1956(a)(2)(A), (B)(i), & (h)). *See United States v. Ellis*, No. 8:15-

---

[1] Ellis paid all applicable fees and thus does not proceed under the in-forma-pauperis statute. As she is a prisoner under § 1915A(c) her claims remain subject to review under that provision.

1

cr-320-T-23TGW, Judgment, ECF No. 762. In January 2018, in case number 8:16-cr-502-T-30TBM, also in the United States District Court for the Middle District of Florida, Ellis was sentenced to a term of imprisonment of 65 years to run consecutive to the term of imprisonment imposed in case number 8:15-cr-320-T-23TGW, after being found guilty of various offenses in connection with retaliating against a witness (18 U.S.C. §§ 513(a) and 371, and 18 U.S.C. § 1513(a)(1)(A) and 18 U.S.C. 1958(a) (two counts each)). *See United States v. Ellis*, No. 8:16-cr-502-T-30TBM, Judgment, ECF No. 129.[2]

Ellis, an inmate at the Bureau of Prisons' FMC-Carswell facility in Fort Worth, Texas, initially filed a complaint with attachments and exhibits of over 160 pages. Complaint, ECF No. 1. In response to a deficiency order, Ellis filed a civil complaint form with attachment pages as an amended complaint, and that is the pleading subject to screening. Am. Complaint, ECF No. 9. Ellis expressly seeks relief under 42 U.S.C. § 1983. *Id.* at 2. The amended complaint names the United States of America, the Bureau of Prisons, the United States District Court for the Middle District of Florida, former-Attorney General William Barr, and former-Bureau of Prisons Director Kathleen Hawk. Am. Complaint 1, 6, ECF No. 9. Ellis also names several individual defendants including United States District Judge Steven D. Merryday, Assistant United States Attorney Patrick Scruggs, and several officials at FMC-Carswell. Am. Complaint 1-6, ECF No. 9.

Ellis's claims all stem from her challenge to the imposition of a SAM (Special

---

[2]The Court takes judicial notice of the records of the United States District Court for the Middle District of Florida in her two criminal cases. *See* Fed. R. Evid. 201(b)(2) and (c)(1).

Administrative Procedures) order imposed upon her after the imposition of sentence in her criminal cases. *Id*. at 2-17. She alleges the SAM Order is invalid and asserts that as a result of the SAM Order, she has suffered a lengthy administrative segregation, in violation of her Fifth, Sixth, and Fourteenth Amendment constitutional rights. *Id*. at 7, 12, 15. For relief, Ellis seeks an order from this Court to declare the SAM Order unlawful and remove her from the resulting administrative segregation, an order vacating her judgments of conviction, and to "allow monetary damages for the malicious mental and physical injury that I have sustained . . . " *Id.* at 7.

## II.     LEGAL STANDARD OF REVIEW UNDER § 1915A(a) and (b)

As noted, Ellis is an inmate at FMC-Carswell. As a part of the Prison Litigation Reform Act ("PLRA"), Congress enacted 28 U.S.C. § 1915A, which requires a district court to review a complaint from a prisoner seeking relief from a governmental entity, officer, or employee as soon as possible after docketing. *See* 28 U.S.C. § 1915A(a) (West 2019). That provision provides for *sua sponte* dismissal of the complaint or any portion thereof, if it is frivolous, malicious, fails to state claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C.§ 1915A(b)(1) and (2) (West 2019).

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." *Id*. at 327-28. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v.*

*Iqbal*, 556 U.S. 662, 678 (2009). To avoid dismissal for failure to state a claim, plaintiffs must allege facts sufficient to "raise the right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" are insuffcient to state a claim upon which relief may be granted. *Id.*

### III. ANALYSIS

#### A. Claims Seeking to Vacate Ellis's Sentence Subject to Dismissal

Ellis expressly seeks to have the Court vacate her convictions and sentences imposed in the United States District Court for the Middle District of Florida. Am. Complaint 7, ECF No. 9. Another court in this District recently noted Ellis's history of filing such challenges to her convictions, and barred her from further seeking such relief:

> By the Court's calculation, these petitions are Petitioner's fourth and fifth § 2241 habeas petitions filed in this Court challenging her 2017 and 2018 convictions in the Middle District of Florida, her conditions of confinement at FMC-Carswell, and/or a SAM order. Petitioner was informed in her prior § 2241 petition in Case No. 4:19-CV-1065-O that § 2255 is the primary means under which a federal prisoner may collaterally attack the legality of a federal conviction and sentence. *See Cox v. Warden*, *Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990). She is thus aware that a § 2241 petition attacking one or more of her federal convictions or sentences may be considered only if she can establish that the remedy under § 2255 is inadequate or ineffective to test the legality of her detention. *See Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000); *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000). To do so, she bears the burden of showing that (1) her claim(s) are based on a retroactively applicable United States Supreme Court decision, (2) her claim(s) were foreclosed by circuit law at the time when they should have been raised at trial, on appeal, or in a first § 2255 motion, and (3) that [a] retroactively applicable decision establishes that she may have been convicted of a nonexistent offense(s). *See Garland v. Roy*, 615 F.3d 391, 394 (5th Cir. 2010); *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001); *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001). Petitioner neither asserts nor demonstrates that she can satisfy these requirements.
>
> Petitioner persists in filing repetitious and frivolous § 2241 habeas petitions and has been previously sanctioned by the Court for doing so. Op. & Order 2-3, *Ellis v. Carr*, Civil Action No. 4:19-cv-1013-O, ECF No. 28. Undeterred, the Court

4

> concludes that these petitions are abusive and should be summarily dismissed. The Court further concludes that Petitioner should be **BARRED** from filing any future § 2241 petitions or pleadings, however they are styled, in this Court challenging her 2017 and 2018 convictions in the Middle District of Florida, Case Nos. 8:15-cr-320-T-23TGW and 8:16-cr-502-T-30TBM, without leave of court.

Op. and Order 2-3, *Ellis v. Carr*, No. 4:20-cv-1356-P, ECF No. 9. The Court finds that Ellis's claims seeking to vacate her underlying convictions and sentences in this case must be dismissed for the same reasons set forth above.

### B. Duplicative Suit - Ellis's Challenge to the SAM Order Already Denied

With regard to Ellis's claim requesting that she be released from the SAM Order and from administrative segregation, review of other records of this District show that Ellis has already sought and been denied the relief sought here on several prior instances. In *Ellis v. United States*, No. 4:19-cv-786-O, this Court, just a few weeks prior to Ellis's filing of this suit, determined that Ellis had already sought and been denied relief against the SAM Order. Op. and Order, *Ellis v. United States*, No. 4:19-cv-786-O, ECF No. 4. This Court explained:

> Ellis filed a petition for writ of habeas corpus in *Ellis v. United States*, No. 3:19-CV-395-K(BT) in the Dallas Division of this District, and there Ellis also filed an "Emergency Motion to Stop SAM (Special Administrative Measures) Order." *See Ellis v. United States,* No. 3:19-cv-395-K(BT), Motion, ECF No. 14. But the Court denied the motion stating:
>
>> Petitioner filed an emergency motion to stop special administrative procedures. (ECF No. 14) She states the district judge in her criminal case requested that the BOP enter a special administrative order to limit Petitioner's communication with family and friends. Petitioner raised this claim in her criminal case. See United States v. Ellis, No. 8:16-cr-00502-JSM-TBM-1 (M.D. Fl. 2016) (ECF No. 145.) On May 31, 2019, the district judge in her criminal case denied the motion. *See id.* at ECF NO. 146. Petitioner cannot relitigate her claim in this Court. Her motion is hereby DENIED.
>
> Order, *Ellis v. United States*, No. 3:19-cv-395-K (BT), ECF No. 15. Because Ellis

5

> has already sought and been denied an emergency motion seeking relief against any special administrative procedures, her motion seeking such relief in this case must be DENIED.

Opinion and Order 3, *Ellis v. United States*, No. 4:19-cv-786-O, ECF No. 4 (footnote omitted).

Complaints filed by *pro se* litigants may be dismissed as frivolous when they seek to re-litigate claims premised upon substantially the same facts arising from a common series of events upon which the plaintiff has relied in a previous lawsuit, even if the previous suit remains pending. *Pittman v. Moore*, 980 F.2d 994, 995 (5th Cir. 1993); *Wilson v. Lynaugh*, 878 F.2d 846, 850 (5th Cir. 1989); *see also Adele v. Rogers*, 669 F. App'x 264 (5th Cir. 2016); *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995); *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988). Furthermore, principles of *res judicata* serve to bar all claims that were brought or could have been brought based on the same operative factual nucleus. *Mcgill v. Juanita Kraft Postal Service,* No. 03-cv-1113, 2003 WL 21355439, at *2 (N.D. Tex. June 6, 2003), *rep. and rec. adopted*, 2003 WL 21467745 (N.D. Tex. June 18, 2003). A complaint is thus malicious and subject to dismissal under § 1915A "when it 'duplicates allegations of another pending federal lawsuit by the same plaintiff' or when it raises claims arising out of a common nucleus of operative facts that could have been brought in the prior litigation." *Id.* (citing *Pittman v. Moore,* 980 F.2d 994, 994-95 (5th Cir. 1993)).

Ellis's claims in this suit challenging the imposition of the SAM Order and resulting administrative detention arise from the same common nucleus of operative facts asserted in the prior suits and are thus foreclosed from review in this proceeding as duplicative and under the traditional notions of *res judicata.* Thus, Ellis's claims in this suit challenging the SAM Order and resulting administrative segregation constitutes repetitive litigation and must be dismissed. *See Pittman*, 980 F.2d at 995 (noting that a plaintiff is entitled to "one bite at the litigation apple - but no more").

      **C.**      **United States, Bureau of Prisons, United States District Court for the Middle**

**District of Florida, and Official Capacity Claims Not Subject to Suit**

Ellis asserts her claims for relief under 42 U.S.C. § 1983, which authorizes suits against persons acting under color of state and local law for violations of constitutional rights. The Supreme Court, in *Bivens* v. *Six Unknown Named Agents of the Federal Bureau of Narcotics* (*"Bivens"*), recognized an individual's right to seek recovery for violation of constitutional rights by a person acting under color of federal law. 403 U.S. 388, 297 (1971). The *Bivens* decision is the counterpart to 42 U.S.C. § 1983, and extends the protections afforded under § 1983 to parties injured by federal actors. *See Evans v. Ball*, 168 F.3d 856, 863 n.10 (5th Cir. 1999) ("A *Bivens* action is analogous to an action under § 1983--the only difference being that § 1983 applies to constitutional violations by state, rather than federal officials"), *overruled on other grounds, Castellano v. Fragozo*, 352 F.3d 939, 948-49 & n.36 (5th Cir. 2003). Thus, the Court construes Ellis's reference to seeking relief under "1983" as seeking relief under *Bivens.*

In addition to naming several individual defendants addressed later in this opinion, Ellis names the United States of America, the Bureau of Prisons, the United States District Court for the Middle District of Florida, and former-Attorney General William Barr and former-Bureau of Prisons' Director Kathleen Hawk in their official capacities. Am. Complaint 1, 6, ECF No. 9. Although Ellis may bring a *Bivens* action against individual officers for alleged violations of her rights, she "may not bring an action against the United States, the BOP, or BOP officers in their official capacities as such claims are barred by the doctrine of sovereign immunity." *Gibson v. Fed. Bureau of Prisons*, 121 F. App'x 549, 551 (5th Cir. 2004) (per curiam) (citing *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 71-72 (2001); and *Hafer v. Melo*, 502 U.S. 21, 25 (1991) (claims against employees in official capacities are considered a suit against the government entity)). Accordingly, Ellis may not assert claims for relief for alleged violations of her constitutional rights against the United States, the Bureau of Prisons, the United States District Court for the Middle

District of Florida, or against William Barr and Kathleen Hawk in their respective official capacities, and such claims must be dismissed.

### D. Absolute Immunity

#### 1. Judge Merryday

With regard to Plaintiff's claims against Judge Steven D. Merryday, judges are absolutely immune from claims for damages arising out of acts performed in the exercise of their judicial functions. *Mireless v. Waco*, 502 U.S. 9, 11 (1991) (citing *Forrester v. White*, 484 U.S. 219, 227-229 (1988) and *Stump v. Sparkman*, 435 U.S. 349, 360 (1978)); *see also Boyd v. Biggers*, 31 F.3d 279, 284-285 (5th Cir. 1994). Absolute judicial immunity can be overcome only if the plaintiff shows that the complained-of actions were nonjudicial in nature or that the actions were taken in the complete absence of all jurisdiction. *Mireless*, 502 U.S. at 11; *Boyd*, 31 F.3d at 284. Ellis does not make this showing. Rather, her claims arise solely from alleged conduct which occurred during and arising from the criminal case over which Judge Merryday presided. Because the complained-of conduct by Judge Merryday was judicial in nature and was undertaken pursuant to the jurisdiction provided to the United States District Court for the Middle District of Florida, Judge Merryday is entitled to absolute immunity from Plaintiff's claims for damages, and such claims must be dismissed.

#### 2. Assistant United States Attorney Patrick Scruggs

The Supreme Court has consistently held that acts undertaken by a government prosecutor in the course of his role as an advocate for the government are cloaked in absolute immunity. *Buckley v. Fitzsimmons*, 509 U.S. 259, 269-70 (1993); *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976); *see also Rykers v. Alford*, 832 F.2d 895, 897 (5th Cir. 1987) (applying to federal prosecutors). The Court has further explained that absolute immunity is afforded based upon whether the prosecutor is acting "in his role as advocate for the [government]." *Imbler*, 424 U.S.

8

at 431 n.33. Here, even assuming Ellis's allegations against Assistant United States Attorney Patrick Scruggs are true, Scruggs would have taken such action in his role as a prosecutor on behalf of the United States. Thus, defendant Scruggs is entitled to absolute prosecutorial immunity from any claim for monetary damages, and such claims must be dismissed.

### E. No Physical Injury under 42 U.S.C. § 1997e(e)

Ellis's remaining claims against the individual defendants not otherwise dismissed seek compensatory monetary damages for violations of constitutional rights. As a part of the PLRA, Congress placed a restriction on a prisoner's ability to recover compensatory damages without a showing of physical injury: "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury . . . ." 42 U.S.C.A. § 1997e(e) (West Supp. 2020). Ellis alleges violations of her rights under the Fifth, Sixth, and Fourteenth Amendments to the Constitution.

This physical injury requirement has long been recognized as applying to claims under the Eighth Amendment. *See Herman v. Holiday*, 238 F.3d 660, 665-66 (5th Cir. 2001); *Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999); *Siglar v. Hightower*, 112 F. 3d 191, 193-94 (5th Cir. 1997). The United States Court of Appeals for the Fifth Circuit subsequently held that § 1997e(e) applied to claims under the First Amendment as well, noting "it is the nature of the relief sought, and not the underlying substantive violation, that controls: Section 1997e(e) applies to all federal civil actions in which a prisoner alleges a constitutional violation, making compensatory damages for mental or emotional injuries non-recoverable, absent physical injury." *Geiger v. Jowers*, 404 F.3d 371, 375 (5th Cir. 2005). More recently, the Fifth Circuit rejected an inmate's claim that § 1997e(e) does not apply to a Fourth Amendment claim arising from a strip search, emphasizing that in *Geiger* the court noted that "1997e(e) applies to *all federal civil actions*," and noting that

9

"[r]egardless of [Plaintiff's] invocation of the Fourth Amendment, his failure to allege any physical injury preclude his recovery of any compensatory damages for emotional or mental injuries suffered." *Hutchins v. McDaniels*, 512 F.3d 193, 196 (5th Cir. 2007) (emphasis in original).

Other courts have held that an inmate's claims for compensatory damages for violations of the Fourteenth Amendment and the Fifth Amendment, without showing physical injury, are barred by § 1997e(e). *See Stauffer v. Gearhart*, 741 F.3d 574, 583 (5th Cir. 2014) (Fourteenth Amendment); *Allen v. Holden*, No. 10-0753-JJB-DLD, 2012 WL 3902401, at *5 (M.D. La. Aug. 15, 2012), *rep. and rec. adopted*, 2012 WL 3901954 (Sep. 7, 2012) (Fourteenth Amendment); *Rogers, v. Newman*, No. 5:04-cv-193 DCB-JCS, 2006 WL 1520298, at * 1 (S.D. Miss. Apr. 7, 2006) (Fourteenth Amendment); *see also Schaller v. United States*, No. 3:10-cv-444-WS-EMT, 2011 WL 7052267, at *4 (N.D. Fla. Dec. 29, 2011), *rep. and rec. adopted*, 2012 WL 136007 (Jan. 17, 2012) (Fifth Amendment). And, another court has applied the limitation in § 1997e(e) to bar a plaintiff's claims under the Sixth Amendment that did not include any allegation of a physical injury as a result of such violation. *See Williams v. Wright*, No. 2:19-040-WDB, 2019 WL 2236257, at * 3 (E.D. Ky. May 23, 2019).

Courts in this circuit have recognized that § 1997e(e) bars a Plaintiff from seeking monetary damages to compensate for emotional or mental injury, absent a showing of physical injury in other contexts. *See generally Logan v. Honeycutt,* No. 12-cv-156-JJB-SCR, 2012 WL 3903501, at *3 (M.D. La. July 24, 2012) (holding that Plaintiff's failure to allege that he sustained a physical injury as a result of alleged retaliation prohibits him from recovering compensatory damages pursuant to 42 U.S.C. § 1997e(e)), *rep. and rec. adopted*, 2012 WL 3903452 (Sep. 7, 2012); *Hodge v. Stadler, et al.*, No. 04-0965, 2006 WL 1560754, at *3 (E.D. La. May 24, 2006) ("Arguably, it may seem counterintuitive that a prisoner's damage claim for a purely nonphysical form of retaliation would be barred unless he can show a physical injury suffered in connection

with the claim. Nevertheless, this Court finds that is in fact the result mandated by the decision of the United States Fifth Circuit Court of Appeals in *Geiger v. Jowers*, 404 F.3d 371 (2005).").

Although Ellis writes of sustaining "physical injury," and she seeks monetary damages for the "malicious mental and physical injuries that [she has] sustained," she does not recite facts of any physical injury or condition whatsoever. Am. Complaint 7, 12, ECF No. 9. Rather she complains that there are "[n]ot enough words to describe the mental agony that I have endured over these past almost 12 months here at FMC-Carswell to couple along with already being wrongfully convicted . . . ." *Id.* at 3. Applying the above referenced holdings to the instant case, regardless of the substantive constitutional violations asserted by Ellis on her remaining claims against the individual defendants, the failure to allege physical injury bars her claims for recovery of compensatory monetary damages. As compensatory monetary damages is the only remaining relief sought by Ellis, her remaining claims against the individual defendants are barred under 42 U.S.C. § 1997e(e).[3]

## IV.   CONCLUSION and ORDER

It is therefore **ORDERED** that to the extent Priscilla Ellis asserts claims seeking to vacate her convictions imposed in separate criminal proceedings before the United States District Court for the Middle District of Florida, such claims are **DISMISSED with prejudice** to refiling without seeking leave of Court as directed in the January 19, 2021 Opinion and Order entered in *Ellis v. Carr*, No. 4:20-cv-1356-P.

It is further **ORDERED** that Ellis's claims challenging the SAM Order and the resulting Administrative Segregation at FMC-Carswell, including all constitutional claims, are

---

[3]Section 1997e(e) does not preclude claims for nominal or punitive damages (*Hutchins,* 512 F.3d at 198) or for injunctive or declaratory relief (*Harper,* 174 F.3d at 719). Ellis, however, does not assert any other claims for monetary damages. *See* Am. Complaint 7, ECF No. 9.

**DISMISSED with prejudice** under 28 U.S.C. § 1915A(b)(1).

It is further **ORDERED** that Ellis's claims against Judge Steven D. Merryday and against Assistant United States Attorney Patrick Scruggs are **DISMISSED with prejudice** under 28 U.S.C. § 1915A(b)(2).

It is further **ORDERED** that all Ellis's claims against the United States, the Bureau of Prisons, the United States District Court for the Middle District of Florida, and against William Barr and Kathleen Hawk in their respective official capacities; and all Ellis's remaining claims for monetary damages against all defendants, are **DISMISSED with prejudice** under 28 U.S.C. § 1915A(b)(1).[4]

**SO ORDERED** this **26th day** of **January, 2021.**

_____
Reed O'Connor
UNITED STATES DISTRICT JUDGE

---

[4] Because the Court has resolved all claims, the Court further **ORDERS** that all pending motions (ECF Nos. 12, 13, 14, 18, 20, and 21) are **DENIED**.